## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                      **Case No.  6:06-cr-67-Orl-28JGG**

**REGAN CORNELIUS**

---

### ORDER

This cause came on for consideration without oral argument on the following motions filed

herein:

| MOTION: | THE DEFENDANT'S AMENDED MOTION TO REOPEN DETENTION HEARING AND RECONSIDER THE DETENTION ORDER (Doc. No. 27) |
|---|---|
| FILED: | May 12, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| MOTION: | THE DEFENDANT'S REQUEST FOR A HEARING AND ORAL ARGUMENTS REGARDING THE DEFENDANT'S AMENDED MOTION TO REOPEN DETENTION HEARING AND RECONSIDER THE DETENTION ORDER (Doc. No. 36) |
|---|---|
| FILED: | May 16, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Regan Cornelius appeared before me on April 21, 2006, for his initial appearance. The United States sought his detention pursuant to 18 U.S.C. § 3142(f)(1)(A). The defendant, who was represented by appointed counsel, elected to proceed with the detention hearing rather than seek an enlargement of time to gather witnesses and evidence. After the hearing, I issued a Detention Order finding that there were no conditions or combination of conditions of release I could set that would reasonably assure the safety of the community and the defendant's presence in Court. Doc. No. 7.

The defendant, through his newly retained counsel, now asks that I reconsider my Detention Order and reopen the hearing so that he can present additional evidence. He does not contend that the witnesses he wishes to present were not known to him at the time of the original detention hearing. Accordingly, the standard for reopening a detention hearing to consider this new evidence set forth in 18 U.S.C. § 3142(f)(2) has not been met.

The defendant also proffers that he has had difficulty with high blood pressure since being incarcerated and that he has not had disciplinary problems while incarcerated. This was not information that the defendant knew at the time of the original detention hearing. This information would not change my conclusion that the defendant should be detained.

Finally, the standard for considering whether the defendant should be detained is in a presumptively different legal posture than it was at the time I entered my Detention Order. On May 15, 2006, the defendant pleaded guilty to an Information charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). This is a crime of violence under § 3142(f)(1)(A). *See* 18 U.S.C. § 3156(a)(4). The Honorable James G. Glazebrook, United States Magistrate Judge, issued a recommendation that the presiding district judge accept the defendant's

guilty plea and the plea agreement.  Doc. No. 32.  The defendant filed a notice that he had no objection

to Judge Glazebrook's recommendation.  Doc. No. 33.

Under 18 U.S.C. § 3143(a)(2), a judge should order a person who has been found guilty of an

offense described in § 3142(f)(1)(A) to be detained unless there is a substantial likelihood that a

motion for acquittal or new trial will be granted, or the judge finds by clear and convincing evidence

both that the person is not likely to flee or pose a danger to the community *and* the attorney for the

Government has recommended that no sentence of imprisonment be imposed.  Because the defendant

has pleaded guilty, although has not yet been found guilty, § 3143 guides the consideration of whether

he should be released.

Neither provision of § 3143(a)(2) permits release of the defendant.  Because the defendant

pleaded guilty, there is not a substantial likelihood that a motion for acquittal or new trial will be

granted.  As for the second part of the § 3143(a)(2) test, the United States has *not* recommended that

no sentence of imprisonment be imposed.  Accordingly, the considerations set forth in § 3143(a)(2)

support the original decision that the defendant should be detained.

**DONE** and **ORDERED** in Orlando, Florida on this 17th day of May, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
Counsel for Defendant